Matter of Noah I.T. (Argenis C.) (2018 NY Slip Op 07236)





Matter of Noah I.T. (Argenis C.)


2018 NY Slip Op 07236


Decided on October 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2018

Acosta, P.J., Friedman, Kapnick, Webber, Moulton, JJ.


7501

[*1]In re Noah I.T., A Child Under the Age of Eighteen Years, etc.,
and
Argenis C., Respondent-Appellant, Catholic Guardian Services, Petitioner-Respondent.


Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Magovern & Sclafani, Mineola (Joanna M. Roberson of counsel), for respondent.
Law Office of Cabelly & Calderon, Jamaica (Lewis S. Calderon of counsel), attorney for the child.



Order, Family Court, Bronx County (Linda B. Tally, J.), entered on or about June 29, 2017, which determined that respondent father's consent was not required for the adoption of the subject child and that even if his consent were required it may be dispensed with since he abandoned the child, and committed the custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
The rights of respondent, as a notice father, were limited to notice of the proceeding and an opportunity to be heard concerning the child's best interests (see Domestic Relations Law 111-a; Social Services Law § 384-c; Matter of Skyla Lanie B. [Jonathan Miranda B.], 116 AD3d 589 [1st Dept 2014]).
Respondent's argument that he was denied his right to be heard as to the best interests of the child at a separate dispositional hearing, is unavailing since the record shows that respondent received the required notice of the fact-finding hearing on the termination of parental rights petition, but failed to testify or present any evidence. Furthermore, given the court's alternate finding that respondent abandoned the child, the decision as to whether to conduct a dispositional hearing rested within the sound discretion of the court; such a hearing is not required (see Matter of Asia Sabrina N. [Olu N.], 117 AD3d 543 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 30, 2018
CLERK